### WORTHINGTON SAVINGS BANK CO v MITCHELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2056. Decided Feb 2, 1932

Forrest R. Detrick, Worthington, for plaintiff in error.

B. B. Friedman, Columbus, for defendant in error.

HORNBECK, J.

Several claims of error are asserted, the principal of which is that the court adopted an improper theory of the case in the general charge, and error in the following statements to the jury:

(1) "Now the note was originally made to Frank E. Archer and Ruth Archer, and all of the negotiations apparently carried on by Frank E. Archer. The note was subsequently assigned and transferred to the bank for a valuable consideration, and any defense which the defendant Mrs. Mitchell may have against Frank Archer, she may have against the bank, because the bank stands in the same place as Mr. Archer, he being an officer in that bank; and any knowledge which he had of any defense against the note would be imputed to the bank. So that there can be no question here of an innocent purchaser."

(2) "If that was not the arrangement (that the defendant was to execute and deliver the note and mortgage as part payment of the purchase price of the farm which Mr. Mitchell had purchased from Mr. Archer), if the farm was sold to Mr. Mitchell, and there was no agreement as to any further security, he alone was looked

to both as to the note and mortgage; and then later Mr. Archer on his own behalf or on behalf of the bank, secured Mrs. Mitchell as security on the note, then there would be no consideration and the defendant would prevail in that case."

It is further claimed in conjunction with No. (1) that the court erred in refusing to permit further examination of Mr. Archer respecting his relation as an officer of plaintiff bank to loans generally and particularly with reference to the purchase of the note sued upon in this action. The latter question was raised in oral argument, but is not urged in the brief. Suffice to say that no exceptions were noted by counsel for plaintiff to the refusal of the court to permit an answer to the question: "What arrangement is there in the Worthington Savings Bank Company for the purchase of such mortgage loans?" No objection having been made and no exceptions saved and no showing as to what the evidence would disclose if the witness had been permitted to answer the question is not before us in the record.

The record fairly discloses that the plaintiff bank was an institution doing business in a small town; that Frank E. Archer was its President; that he exercised authority in passing upon loans and purchase of paper made by the bank. He says that he was not the sole officer of the bank in passing upon the purchase of the note from Mr. and Mrs. Mitchell. This answer permits the logical inference that he in conjunction with another or others representing the bank did pass upon the purchase of the Mitchell note.

There would be no objection, in fact we think it would have been advisable, had the court permitted full disclosure respecting Mr. Archer's relation as President of the bank to the sale of the Mitchell note to the bank, but the record does not disclose that the witness, if permitted to answer, would have modified the conclusion which we must draw from the answer which he was permitted to make. From this status we are convinced that when the bank purchased this note, on which Mr. Archer was a payee, he having knowledge of any defense which the defendant could assert against it and he as President of the bank participating in passing upon the quality of the paper, brings the case within the law enunciated in **Bank v Burns et, 88 Oh St 434.** Therefore, the bank cannot be heard to deny any knowledge respecting this paper which its President, Mr. Archer, possessed.

Our attention is directed to a number of cases announcing the general rule to the effect that one cannot rely upon an agent to transmit to his principal that which obviously would be to the interest of the agent to conceal. This rule is well recognized but is not applicable here.

The court therefore was correct in its theory as presented in the general charge in No. (1) heretofore quoted.

Respecting No. (2) we think the court was very fair and proper in presenting the respective theories of the parties concerning the taking of the note by Mr. Archer, Mr. Archer claiming that by agreement the note of Mrs. Mitchell and mortgage securing the same were executed and delivered in pursuance of an agreement known to her, whereby the note and mortgage were to be given as part of the purchase price of the farm sold to Mr. Mitchell. The court definitely and correctly said to the jury that if it so found it should return a verdict for the bank. Contra, it was the claim of Mrs. Mitchell that the giving of the note sued on, and mortgage securing it, was an independent transaction, not part of the purchase price, and that she received no consideration whatever for the note. This is the substance of the charge of the trial court and we believe it is correct.

Plaintiff further objects to the charge respecting the defense of want of consideration for the note and cites §§8129, 8130 and 8131 GC, which set forth that a note properly signed prima facie imports valuable consideration and what constitutes a holder for value. However, the court in the general charge definitely places the burden of proof of want of consideration upon the defendant and thereby gave to the note that presumption of validity, that it was given for a valuable consideration and that it was held for value, which presumption attended until overcome by a preponderance of the evidence. The court did not misconceive the purport and effect of the sections heretofore quoted. Parts three and four, §8157 GC, defining what constitutes a holder in due course, ("(3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.") were in controversy by the issues in this case.

It is further claimed that the court erred in not charging, at the request of counsel for plaintiff, to the general effect that Mrs. Mitchell was required to exercise her faculties of sight and observation before placing her name upon the note in question. This was not material because it was admitted that she signed the instrument, but the defense was that she had been induced to do so by fraud and that there was no consider-

ation moving to her for the execution of the note. The bank being in the same relation to the note as the original payee, both of these defenses could be urged.

The weight of the evidence is not urged in the brief but is very properly in the case. The jury had the respective claims of the parties before it and there was sharp and marked conflict. It could under the evidence have found for the bank as properly as for the defendant had it given credibility to the testimony of plaintiff's witnesses. This field of credibility is peculiarly for the jury.

We find no error in this record which is prejudicial to the rights of the plaintiff. Judgment must therefore be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.